IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DAMON MARSH,<br><br>　　　　Defendant. | Case No. CR-06-126-S-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

The Court has before it a motion to sever filed by defendant Damon Marsh. The motion is fully briefed and at issue. For the reasons expressed below, the Court will deny the motion.

## ANALYSIS

Defendant Marsh is charged with eleven other defendants in a 196-page indictment. Count One charges six of the defendants – not including Marsh – with a Continuing Criminal Enterprise (CCE) spanning 31 years from 1975 to 2006. The alleged principal object of the CCE was to sell methamphetamine, cocaine, marijuana, and hashish. Count One lists 98 predicate acts, and then devotes about

80 pages to describing the overt acts that support the predicate acts.

Count Two charges ten of the defendants – including Marsh – with a conspiracy to do the same acts charged in Count One. Indeed, Count Two simply refers to Count One and incorporates all of its allegations. The only difference between the two Counts is that Count One contains some additional allegations to satisfy the legal elements that distinguish a CCE from a conspiracy.

Counts Three and Four charge defendants – not including Marsh – with money laundering, and Counts Five through Eight are forfeiture counts.

Marsh seeks a severance under Federal Rule of Criminal Procedure 14(a). That Rule requires severance if a joint trial would prejudice the defendant. Severance should be granted only if a serious risk exists that a joint trial would compromise a particular trial right of a defendant or prevent the jury from reliably determining guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 538 (1993). "Generally, defendants jointly charged are jointly tried." *United States v. Hernandez,* 952 F.2d 1110, 1114 (9th Cir.1991). The test is whether joinder of the defendants "is so manifestly prejudicial that it outweighs the dominant concern with judicial economy . . . ." *United States v. Doe*, 655 F.2d 920, 926 (9th Cir. 1980).

In assessing whether joinder is prejudicial, it is "of foremost importance" whether the jury can reasonably be expected to compartmentalize the evidence as it

relates to separate defendants in light of its volume and limited admissibility. *United States v. Duran*, 189 F.3d 1071 (9th Cir.1999). Joint trials have been approved in conspiracy cases because much of the evidence would have been admitted against the defendant even if he was tried separately. *United States v Johnson*, 297 F.3d 845, 856 (9th Cir. 2002).[1] Moreover, any prejudice that might arise from joinder is minimized by instructing the jury to consider the evidence separately as it relates to each defendant. *United States v. Catabran,* 836 F.2d 453, 461 (9th Cir.1988) ( stating that "[u]ltimately, the question is whether the jury could follow the court's instructions and appraise the evidence against each defendant separately").

At first glance, it may appear that Marsh is a fringe player unfairly joined to this massive and lengthy criminal enterprise – after all, he is not a named defendant in Count One, and is only mentioned sporadically in the description of predicate and overt acts. The clear focus of this indictment is on defendants other than Marsh. As Marsh points out, he was only 6 years-old when the conspiracy allegedly began in 1975. If the case is tried under this indictment, most of the evidence will involve persons other than him and pertain to events he was not

---

[1] Rule of Evidence 801(d)(2)(E) states that a declaration of a co-conspirator, made in furtherance of the conspiracy charged and during its pendency, is not hearsay. It is therefore admissible against all the conspirators. *See Dutton v. Evans*, 400 U.S. 74 (1970).

involved with.[2]

Nevertheless, the indictment's allegations against Marsh, however short in relation to the whole, clearly tie him to the alleged conspiracy. Whether Marsh is tried jointly or separately, evidence of this conspiracy will be offered by the Government. The fact that "more evidence [will be] introduced against . . . co-defendants is insufficient to show that joinder was improper." *United States v. Matta-Ballesteros*, 71 F.3d 754, 771 (9th Cir. 1995). In *Matta*, the Circuit rejected defendant's argument that he was prejudiced by evidence that his co-defendants engaged in three murders and a marijuana-selling enterprise, none of which involved him. *Id*. The Circuit held that the district court's jury instructions prevented any prejudice: "Judicial economy justifies reliance on the jury to follow the instructions of the court that segregate the evidence and limit the applicability of the evidence to each defendant. *Id*. (quoting *United States v. Vaccaro*, 816 F.2d 443, 448 (9th Cir. 1987)).

At some point, however, the evidence introduced solely against co-defendants could be so substantial that it would overwhelm the jury's ability to compartmentalize it even if so instructed by the Court. *See United States v.*

---

[2] In his briefing, Government's counsel represents that he has evidence of Marsh's greater involvement in the conspiracy than what is pled in the indictment. This evidence has not been provided to defense counsel or to this Court. Counsel's reference to it was improper and will be ignored by the Court.

*Donaway*, 447 F.2d 940, 943 (9th Cir. 1971) (holding severance warranted when conspiracy claim dismissed and only 50 of 2,300 trial transcript pages related to defendant).  The Court is concerned about that happening here, making this a difficult motion to resolve.  In the final analysis, however, the Court has confidence that appropriate jury instructions will prevent any prejudice to Marsh.  The Court will be especially sensitive to this issue during trial, and will make every effort to ensure that no prejudice results.  Accordingly, the Court will deny the motion to sever.[3]

To the degree that Marsh seeks reconsideration of the Court's Speedy Trial Order moving the trial to September of 2007, the Court denies that request.  To the degree that Marsh seeks reconsideration of his detention order, he can seek that from the Magistrate Judge or file a proper appeal.

---

[3] Marsh makes other arguments relating to antagonistic defenses, *Bruton* problems, and possible exculpatory testimony from co-defendants.  However, Marsh does not identify the specifics necessary to prevail on these arguments, and hence is not entitled to severance based on these arguments.  *See, e.g., United States v. Seifert*, 648 F.2d 557, 563 (9th Cir. 1980)(holding that defendant seeking severance due to need for co-defendant's testimony must show that the co-defendant would in fact testify and that the testimony would favor the defendant); *United States v. Angwin*, 271 F.3d 786 (9th Cir. 2001) (holding that defendant seeking severance on basis of *Bruton* problem must show that the statement is facially, expressly, clearly, or powerfully implicating of the defendant); *United States v. Tootick*, 952 F.2d 1078 (9th Cir. 1991)( holding that defendant seeking severance due to antagonistic defenses must show that the defenses are irreconcilable and mutually exclusive).

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to sever (Docket No. 115) is DENIED.



DATED: **January 17, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge