IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CR-06-126-S-BLW |
| | ) | |
| v. | ) | **ORDER ADOPTING** |
| | ) | **REPORT AND** |
| DAMON JOHN MARSH, | ) | **RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Court has before it a Report and Recommendation filed by the United States Magistrate Judge. (Docket No. 377). On November 29, 2007, Defendant Damon John Marsh appeared before the Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Magistrate Judge conducted the plea hearing and concluded there is a factual basis for Defendant's plea of guilty to Count Two of the Superseding Indictment, and that it was entered voluntarily and with full knowledge of the consequences.

Defendant was advised that this Court would decide whether or not to be bound by the plea and Plea Agreement containing a stipulated sentencing range after reviewing Defendant's presentence report.  The Magistrate Judge then

**Order Adopting Amended Report and Recommendation - 2**

recommended that if the Court determined that the plea and Plea Agreement containing the stipulated sentencing range should be accepted, then the Defendant's plea of guilty to Count Two of the Superseding Indictment (Docket No. 197) be accepted and Count Six be dismissed at the time of sentencing.

No objections to the Report and Recommendation had been filed. However, the Court deferred a decision on whether to adopt the Report and Recommendation until hearing argument of counsel at the sentencing hearing.

The Court reviewed the record and found at the sentencing hearing that the requirements of Rule 11 had been met. *See United States v. Reyna-Tapia,* 328 F.3d 1114 (9th Cir. 2003). Specifically, the Court found that the Magistrate Judge adhered to the requirements of Rule 11(b); that under Rule 11(b)(2), the Defendant's plea was voluntary and not the result of force or threats or promises apart from the plea agreement; and that a factual basis for the plea exists. *See id.*

Furthermore, at the sentencing hearing, the Court orally accepted Defendant's plea and the Plea Agreement finding that the stipulated sentencing range deviated from the applicable guideline range for justifiable reasons and was reasonable after taking into consideration the 18 U.S.C. § 3553(a) factors. The Court then orally adopted the Report and Recommendation and advised that a written order would follow. Because the parties inadvertently failed to address

**Order Adopting Amended Report and Recommendation - 2**

Count Six at the sentencing hearing, the Government subsequently filed a Motion to Dismiss Count Six (Docket No. 516) which the Court granted (Docket No. 517). Accordingly,

NOW THEREFORE IT IS HEREBY ORDERED that the Court's oral adoption of the Report and Recommendation (Docket No. 377) at the sentencing hearing shall be, and the same is hereby, confirmed, and the Report and Recommendation was ADOPTED as the decision of the District Court and incorporated fully herein by reference.

IT IS FURTHER ORDERED that the Court's oral ACCEPTANCE of Defendant's plea of guilty to Count Two of the Superseding Indictment as a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense, shall be, and the same is hereby, confirmed.

IT IS FURTHER ORDERED that the Court's oral finding that Defendant Damon John Marsh is GUILTY as to the crime charged in Count Two of the

**Order Adopting Amended Report and Recommendation - 2**

Superseding Indictment is hereby confirmed.



DATED: **April 7, 2008**

B. LYNN WINMILL
Chief Judge
United States District Court

**Order Adopting Amended Report and Recommendation - 2**